**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**Case No. 13-6488**
**ELECTRONICALLY FILED**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee**

**v.**

**SHAMMAH JAMEL ISRAEL,**
**a/k/a, Shammah Jamel Mason**

**Defendant-Appellant**

---

**Appeal from the United States District Court**
**For the Eastern District of Kentucky at Lexington**
**Criminal Action No. 13-68**
**Hon. Joseph M. Hood**

---

# BRIEF FOR APPELLANT SHAMMAH J. ISRAEL

---

**ROBERT L. ABELL**
**120 North Upper Street**
**Lexington, KY 40507**
**859-254-7076**
**859-281-6541 Fax**
**Robert@RobertAbellLaw.com**
**COUNSEL FOR APPELLANT**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Case No. 13-6488

-------------------------------------------

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHAMMAH JAMEL ISRAEL,
a/k/a, Shammah Jamel Mason

Defendant-Appellant

-------------------------------------------

DISCLOSURE OF CORPORATE AFFILIATIONS
AND FINANCIAL INTEREST

-------------------------------------------

Pursuant to Sixth Circuit Rule 25, Defendant-Appellant Shammah Jamel Israel makes the following disclosures:

1. Are any of said parties a subsidiary or affiliate of a publicly owned corporation?

RESPONSE: No.

2. If the answer is YES, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

RESPONSE: See the Response above.

If the answer is YES, list the identity of such corporation and the nature of the financial interest:

RESPONSE: See Response above.

/s/ Robert L. Abell
Robert L. Abell
Counsel for Appellant

# TABLE OF CONTENTS

Page No.

TABLE OF CONTENTS ....................................................................iv

TABLE OF AUTHORITIES ..................................................v

STATEMENT REGARDING ORAL ARGUMENT ....................vi

STATEMENT OF JURISDICTION ..........................................1

STATEMENT OF THE ISSUE.................................................1

STATEMENT OF THE CASE ..............................................2

STATEMENT OF FACTS ....................................................2

SUMMARY OF ARGUMENT ................................................4

ARGUMENT ............................................................................4

The Record Does Not Support Application of The Four-Level Enhancement Pursuant to U.S.S.G. § 2K2.1(b)(6)(B)

CONCLUSION .......................................................................10

CERTIFICATE OF SERVICE ...........................................11

CERTIFICATE OF COMPLIANCE PURSUANT TO FED.R. APP.P. 32(a)(7)(B) .................................................................11

ADDENDUM ..........................................................................A

# TABLE OF AUTHORITIES

**Cases** **Page No.**

*Gall v. United States*, 552 U.S. 38 (2007)....................................5

*United States v. Angel*, 576 F.3d 318 (6th Cir.2009)..................6, 8

*United States v. Clay*, 346 F.3d 173 (6th Cir. 2003)......................8

*United States v. Ennenga*, 263 F.3d 499 (6th Cir. 2001)...............8

*United States v. Hardin*, 248 F.3d 489 (6th Cir.), *cert. denied*, 122 S.Ct. 271 (2001)............................................8

*United States v. Huffman*, 461 F.3d 777 (6th Cir. 2006), *cert. denied,* 127 S.Ct. 271 (2001)....................................7

*United States v. Hymon*, 333 Fed.Appx. 40 (6th Cir. 2009)......9-10

*United States v. Seymour*, 739 F.3d 923 (6th Cir. 2014).....5-6, 9-10

*United States v. Shields*, 664 F.3d 1040 (6th Cir. 2011).........6, 8-9

*United States v. Taylor*, 648 F.3d 417 (6th Cir.2011)...............5, 7

**Federal Statutes**

18 U.S.C. § 922(g)...................................................................1

28 U.S.C. § 1291.......................................................................2

**United States Sentencing Guidelines:**

U.S.S.G. § 2K2.1(b)(6)(B)......................................................passim

## STATEMENT REGARDING ORAL ARGUMENT

The record and briefs present adequately the issue in this case. Appellant waives oral argument.

## Statement of Jurisdiction

The United States District Court for the Eastern District of Kentucky had jurisdiction over this case pursuant to 18 U.S.C. § 3231, because the indictment alleged an offense occurring in that district. (Indictment, RE 1, Page ID# 1).

The defendant pleaded guilty without a plea agreement and was sentenced by judgment entered October 29, 2013. (Criminal Minutes – Rearraignment, RE 18, Page ID#44; Judgment, RE 26, Page ID# 69). He timely filed his notice of appeal on November 12, 2013. (Notice of Appeal, RE 27, Page ID# 75). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## Statement of the Issue

Whether the court below erred in ruling that a four-level enhancement was applicable to defendant pursuant to U.S.S.G. §2K2.1(b)(6)(B).

## Statement of the Case

### Statement of Facts

Defendant Shammah Jamel Israel was charged with violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) in a single count indictment. He pleaded guilty to the charge.

At sentencing Israel objected to a four-level enhancement pursuant to U.S.S.G. §2K2.1(b)(6)(B). (Defendant's Sentencing Memorandum, RE 23, Page ID# 58). Israel argued that the enhancement was inapplicable, because he was found possession only a small quantity of cocaine and that the instances of drug trafficking attributable to him were temporally remote. (*Id.* at Page ID# 58-59). Indeed, according to the presentence report, the most recent instance of drug trafficking involving Israel prior to the search of his home being March 13, 2012, nearly eight months before. (Presentence Report (PSR) ¶ 3, RE 30, Page ID# 89).

The government, in both its written response and at the sentencing hearing, contended simply that the firearms had been recovered in the house, that drug trafficking had occurred previously at the residence, and that "multiple sets of digital scales were found" at

the house. (Response to Defendant's Objections to the Presentence Report, RE 22, Page ID# 55; Transcript, RE 31, Page ID# 109-110).

The government did not put on any evidence regarding ongoing or temporally proximate drug trafficking involving Israel; the record was limited to the firearms recovered in the house, the small quantity of cocaine recovered from defendants person, the instances of drug trafficking nearly eight months earlier and some digital scales recovered from somewhere in the residence.

The court below overruled appellant's objections and found as follows:

> ... There had been a number of buys from Mr. Israel, he was in possession of cocaine when the search warrant was issued and that the firearms in this particular case were hidden, one I believe underneath the cushions of the couch and the other underneath the mattress and a bedroom. There was a lot of ammunition involved in the matter, and there were scales and other indicia of drug trafficking, so I think Mr. Israel was in possession of this firearm in the course of the drug trafficking scheme and that the four level enhancement is warranted. Your objection is overruled.

(Transcript, RE 31, Page ID# 111).

The court below been determined that Israel's adjusted offense level was 21 (base offense level of twenty pursuant to U.S.S.G. § 2K2.1 plus the four level enhancement minus three levels for acceptance of

responsibility), that he was a criminal history category III and that the applicable guidelines range was 46 – 57 months. (Transcript at Page ID# 111-112; *see also* PSR ¶¶ 10-17, 33, 50, RE 30, Page ID# at 90-91, 95, 98). The court below, in view of Israel's post-indictment conduct, imposed a sentence of imprisonment of 40 months. (*Id.* at Page ID# 115-116; Judgment, RE 26, Page ID# 69). This appeal follows.

## Summary of Argument

The court below concluded incorrectly that the four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) should be applied to Israel. There is an insufficient evidentiary basis to support a finding that Israel possessed the firearms recovered at the residence in connection with any past drug trafficking activity and/or that there was ongoing or temporally proximate drug trafficking at the house. Accordingly, Mr. Israel's sentence is substantively unreasonable, should be vacated and the case remanded for resentencing.

## Argument

### The Record Does Not Support Application of The Four-Level Enhancement Pursuant to U.S.S.G. § 2K2.1(b)(6)(B)

There was not a sufficient evidentiary basis for the court below to conclude that the four-level enhancement pursuant to U.S.S.G. §

2K2.1(b)(6)(B) should be applied to Israel. There was not a sufficient evidentiary basis to support a finding that Israel possessed either of the firearms at the times of the earlier instances of drug trafficking or that there was or had been ongoing or temporally proximate drug trafficking at the residence. Accordingly, the court below erred in applying the enhancement, the sentence should be vacated and the case remanded for resentencing.

This Court reviews “a district court's sentence for procedural and substantive reasonableness, applying the abuse of discretion standard.” *United States v. Seymour*, 739 F.3d 923, 929 (6th Cir. 2014), *citing Gall v. United States,* 552 U.S. 38, 51 (2007). This Court’s “review of procedural reasonableness includes determining whether the district court properly calculated a defendant's Guidelines range.” *Id.* With regard to a § 2K2.1(b)(6)(B) firearm enhancement, “[this Court reviews] the district court's factual findings for clear error and accord[s] ‘due deference’ to the district court's determination that the firearm was used or possessed ‘in connection with’ the other felony, thus warranting the application of the ... enhancement.” *Id., quoting United States v. Taylor,* 648 F.3d 417, 432 (6th Cir. 2011).

The § 2K2.1(b)(6)(B) enhancement applies to defendants who "[u]sed or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). Application note 14(A) specifies that the four-point firearm enhancement should apply "if the firearm ... facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1 application note 14(A). However, the "enhancement is not warranted if possession of the firearm 'is merely coincidental to the underlying felony offense.'" *Seymour,* 739 F.3d at 929, *quoting United States v. Angel,* 576 F.3d 318, 321 (6th Cir. 2009) The government bears the burden of establishing the factors supporting this enhancement by a preponderance of the evidence. *Id., citing United States v. Shields,* 664 F.3d 1040, 1043 (6th Cir. 2011).

The pertinent facts here are as follows. First, on dates not earlier than nearly eight months earlier defendant engaged in some drug sales. There is no evidence to support a finding that Israel possessed either the firearms on any of those dates. Second, when the search warrant was executed early the morning of November 7, 2012, appellant was awaken and, in his pants, in the room where he was sleeping a small quantity of cocaine was recovered. (PSR ¶ 3, Page ID# 89). Third,

elsewhere in the house were recovered two firearms, one located in another bedroom and one located in the residence's living room beneath a couch cushion. (PSR ¶ 4, Page ID# 89). Fourth, four sets of digital scales were also recovered from the residence. (PSR ¶ 3, Page ID# 89). However, there is no indication of where they were recovered, whether from a closet, the basement or some other location indicating they had been put away or not, whether they indicated past or reasonably recent use or not. The record does not indicate anything beyond the presence in the house of the scales and the firearms.

The record presents an insufficient basis for the court below to reasonably infer a connection between the firearms and a drug trafficking offense. While this Court has applied the "fortress theory" to support application of the enhancement, it has done so where the record indicated ongoing or very recent drug trafficking and a connection to the firearm possessed. *E.g., United States v. Taylor*, 648 F.3d 417 (6th Cir. 2011)(evidence of temporally recent trafficking along with firearm, crack cocaine and paraphernalia in the house); *United States v. Huffman*, 461 F.3d 777 (6th Cir. 2006), *cert. denied,* 127 S.Ct. 1863 (2007)(evidence that defendant had assault rifle within arms reach at a

known "dope house" and that defendant had been entrusted with the gun by its drug-dealing owner); *United States v. Hardin*, 248 F.3d 489 (6th Cir.), *cert. denied*, 122 S.Ct. 271 (2001)(defendant kept firearm and cocaine stashed in his bedroom); *United States v. Ennenga*, 263 F.3d 499 (6th Cir. 2001)(large quantity of marijuana growing in the basement and attendant alarm system supported application of fortress theory); *United States v. Angel*, 576 F.3d 318 (6th Cir. 2009)(defendant kept gun and ammunition in his bedroom and was readily accessible); *United States v. Clay*, 346 F.3d 173 (6th Cir. 2003)(defendant possessed on his person of firearm, "a bag of cocaine" and a large quantity of cash). These cases are inapposite given the absence of evidence here of ongoing or very recent drug trafficking and that defendant was sleeping in his bedroom while the two firearms were located far away in his residence.

This Court has found the enhancement inapplicable where the amount of drugs possessed was small and evidence of current or very recent drug trafficking was lacking. In *United States v. Shields*, 664 F.3d 1040 (6th Cir. 2011), this Court reversed application of the firearm enhancement where the defendant possessed only a small amount of

marijuana and a baggy with cocaine residue, and the government did not produce “relevant evidence, other than mere proximity, that the gun was actually used or intended to be used to protect the drugs.” *Id.* at 1044, 1046. More recently, the Court explained that its reluctance to apply the fortress theory in cases of simple possession was rooted in guidelines' special treatment of drug trafficking crimes, a point the Court found to imply "that ‘while close proximity between a firearm and drugs will suffice to justify the enhancement when an offender is engaged in drug trafficking, in other cases the enhancement applies only if the government can establish that the firearm actually or potentially facilitated that offense.’ ” *United States v. Seymour*, 739 F.3d 923, 930 (6th Cir. 2014), *quoting Shields*, 664 F.3d at 1044. Such evidence is similarly lacking here.

This case bears strong resemblance to *United States v. Hymon*, 333 Fed.Appx. 40 (6th Cir. 2009). In *Hymon*, police recovered an assault rifle, marijuana and cocaine from defendant's residence. This Court reversed application of the enhancement as there was "no facts about the location of the weapon in Hymon's residence, its proximity to the drugs or drug paraphernalia, or whether it appeared that Hymon was

using the weapon to protect the drugs." 333 Fed.Appx. at 42. Here, similarly, while the record indicates that the firearms were spatially removed from defendant in the house, there is no indication of their proximity to the recovered scale and no finding that the weapons were used to protect drugs. Accordingly, the record indicates that the court below improperly presumed a connection between the firearms and drug trafficking and this cannot sustain the finding. *Seymour*, 739 F.3d at 929. Therefore, the Court should hold that the enhancement does not apply, vacate appellant's sentence and remand the case for resentencing.

## Conclusion

For the foregoing reasons, this Court should hold that the enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) does not apply to appellant, vacate the sentence and remand the case for resentencing.

Respectfully submitted,

BY: /s/Robert L. Abell

ROBERT L. ABELL
120 N. Upper Street
Lexington, KY 40507
859-254-7076 (phone)
859-281-6541 (fax)
E-mail: Robert@RobertAbellLaw.com

COUNSEL FOR APPELLANT
SHAMMAH J. ISRAEL

## Certificate of Service

I hereby certify that the foregoing was electronically filed with the Sixth Circuit's electronic filing system this 20 day of February 2014, that notice will be sent electronically by that system to All Counsel of Record.

/s/ Robert L. Abell
COUNSEL FOR APPELLANT

## Certification of Compliance Pursuant to FRAP 32(a)(7)(B)

1. This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because this brief contains 1,979 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii).

/s/ Robert L. Abell
COUNSEL FOR APPELLANT

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Case No. 13-6488

-------------------------------------------

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHAMMAH JAMEL ISRAEL,
a/k/a, Shammah Jamel Mason

Defendant-Appellant

-------------------------------------------

Appeal from the United States District Court
For the Eastern District of Kentucky at Lexington
Criminal Action No. 5:13-68
Hon. Joseph M. Hood

-------------------------------------------

DESIGNATION OF DISTRICT COURT DOCUMENTS
PURSUANT TO 6 CIR. R. 30

-------------------------------------------

| **Description of Documents** | **Record Entry #** | **Page ID#** |
|---|---|---|
| Indictment | 1 | 1 |
| Judgment | 26 | 69 |
| Notice of Appeal | 27 | 75 |
| Criminal Minutes – Rearraignment | 18 | 44 |

| | | |
|---|---|---|
| Response to Objections to Presentence Report | 22 | 55 |
| Defendant's Sentencing Memorandum | 23 | 58 |
| Presentence Report | 30 | 87 |
| Transcript of Sentencing Hearing | 31 | 106 |

## Counsel's Certification

I hereby certify that the foregoing documents are included in the district court's electronic record.

/s/ Robert L. Abell
Counsel for Appellant